UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

WILLIAM H.,[1]

                    Plaintiff,

      v.

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

_____

<u>DECISION & ORDER</u>

20-CV-6050MWP

## <u>PRELIMINARY STATEMENT</u>

Plaintiff William H. ("plaintiff") brings this action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security (the "Commissioner") denying his application for Supplemental Security Income ("SSI"). Pursuant to the Standing Order of the United States District Court for the Western District of New York regarding Social Security cases dated June 29, 2018, this case has been reassigned to, and the parties have consented to the disposition of this case by, the undersigned. (Docket # 12).

Currently before the Court are the parties' motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (Docket ## 7, 10). For the reasons set forth below, I hereby vacate the decision of the Commissioner and remand this claim for further administrative proceedings consistent with this decision.

---

[1] Pursuant to the November 18, 2020 Standing Order of the United States District Court for the Western District of New York regarding identification of non-governmental parties in social security opinions, the plaintiff in this matter will be identified and referenced solely by first name and last initial.

## DISCUSSION

### I.    Standard of Review

This Court's scope of review is limited to whether the Commissioner's determination is supported by substantial evidence in the record and whether the Commissioner applied the correct legal standards. *See Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004) ("[i]n reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision"), *reh'g granted in part and denied in part*, 416 F.3d 101 (2d Cir. 2005); *see also Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) ("it is not our function to determine *de novo* whether plaintiff is disabled[;] . . . [r]ather, we must determine whether the Commissioner's conclusions are supported by substantial evidence in the record as a whole or are based on an erroneous legal standard") (internal citation and quotation omitted). Pursuant to 42 U.S.C. § 405(g), a district court reviewing the Commissioner's determination to deny disability benefits is directed to accept the Commissioner's findings of fact unless they are not supported by "substantial evidence." *See* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive"). Substantial evidence is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation omitted).

To determine whether substantial evidence exists in the record, the court must consider the record as a whole, examining the evidence submitted by both sides, "because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams ex rel. Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). To the extent

they are supported by substantial evidence, the Commissioner's findings of fact must be sustained "even where substantial evidence may support the claimant's position and despite the fact that the [c]ourt, had it heard the evidence *de novo*, might have found otherwise." *Matejka v. Barnhart*, 386 F. Supp. 2d 198, 204 (W.D.N.Y. 2005) (citing *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982), *cert. denied*, 459 U.S. 1212 (1983)).

A person is disabled for the purposes of SSI and disability benefits if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A). In assessing whether a claimant is disabled, the ALJ must employ a five-step sequential analysis. *See Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982) (*per curiam*). The five steps are:

(1)     whether the claimant is currently engaged in substantial gainful activity;

(2)     if not, whether the claimant has any "severe impairment" that "significantly limits [the claimant's] physical or mental ability to do basic work activities";

(3)     if so, whether any of the claimant's severe impairments meets or equals one of the impairments listed in Appendix 1 of Subpart P of Part 404 of the relevant regulations (the "Listings");

(4)     if not, whether despite the claimant's severe impairments, the claimant retains the residual functional capacity [("RFC")] to perform [his or her] past work; and

(5)     if not, whether the claimant retains the [RFC] to perform any other work that exists in significant numbers in the national economy.

20 C.F.R. §§ 404.1520(a)(4)(i)-(v) & 416.920(a)(4)(i)-(v); *Berry v. Schweiker*, 675 F.2d at 467.

"The claimant bears the burden of proving his or her case at steps one through four[;] . . . [a]t

step five the burden shifts to the Commissioner to 'show there is other gainful work in the

national economy [which] the claimant could perform.'" *Butts v. Barnhart*, 388 F.3d at 383

(quoting *Balsamo v. Chater*, 142 F.3d 75, 80 (2d Cir. 1998)).


## II.    The ALJ's Decision

In her decision, the ALJ followed the required five-step analysis for evaluating

disability claims.  Under step one of the process, the ALJ found that plaintiff had not engaged in

substantial gainful activity since June 2, 2016, the application date.  (Tr. 17).[2]  At step two, the

ALJ concluded that plaintiff had the following severe impairments: hypertension, chronic low

back pain, degenerative changes in the lumbar spine and cervical spine, and chronic numbness

and pain in his wrists and right hand.  (*Id.*).  At step three, the ALJ found that plaintiff did not

have an impairment (or combination of impairments) that met or medically equaled one of the

listed impairments in the Listings.  (*Id.*).

The ALJ concluded that plaintiff retained the RFC to perform light work but with

several additional limitations.  (Tr. 18).  Specifically, plaintiff required a sit/stand option that

allowed for changing positions every sixty minutes for up to five minutes; could occasionally

stoop, crouch, balance, climb stairs or ramps, kneel, and crawl; could frequently, but not

constantly, finger and feel; could not climb a rope, ladder, or scaffold; could not work overhead;

could fulfill daily quotas or expectations, but could not maintain a fast-paced, automated,

production line pace; and required three less-than-five-minute breaks in addition to regularly

---

[2]   The administrative transcript (Docket # 5) shall be referred to as "Tr. ___," and references thereto utilize
the internal Bates-stamped pagination assigned by the parties.

scheduled breaks. (*Id.*). At step four, the ALJ found that plaintiff was unable to perform any of his past work. (Tr. 23). At step five, the ALJ determined that other jobs existed in significant numbers in the national economy that, based on his age, education, work experience, and RFC, plaintiff could perform, such as laundry sorter and collator operator. (Tr. 23-24). Accordingly, the ALJ found that plaintiff was not disabled. (Tr. 24).

## III.  Plaintiff's Contentions

Plaintiff contends that the ALJ's determination that he was not disabled is not supported by substantial evidence and is the product of legal error. (Docket ## 7, 11). First, plaintiff argues that despite affording weight to the internal medicine examination completed by consultative examiner Rita Figueroa, MD, the ALJ erroneously failed to explain why certain of Dr. Figueroa's opined limitations, particularly those relating to plaintiff's ability to turn his neck and reach, were not incorporated into the RFC. (Docket ## 7-1 at 8-10; 11 at 1-2). Second, plaintiff maintains that the ALJ's "highly specific RFC" is the product of her lay interpretation of the medical evidence and therefore unsupported by substantial evidence. (Docket ## 7-1 at 10-17; 11 at 2-4).

## IV.  Analysis

I turn first to plaintiff's argument that the ALJ's "highly specific RFC" determination is not supported by substantial evidence, as I find that remand is warranted on this basis. (Docket ## 7-1 at 10-17; 11 at 2-4). Plaintiff specifically challenges the ALJ's determination that he could perform the standing and walking requirements associated with light work so long as he could change positions between sitting and standing every hour for up to five

minutes, contending that this finding is not supported by record evidence. (Docket # 7-1 at

10-17). The Commissioner does not respond to plaintiff's specific argument regarding the ALJ's

inclusion of a sit/stand option in the RFC, but maintains that the ALJ's RFC is supported by Dr.

Figueroa's consultative examination, which included no specific limitation regarding plaintiff's

ability to walk and stand. (Docket # 10-1 at 8-9).

An individual's RFC is his "maximum remaining ability to do sustained work

activities in an ordinary work setting on a regular and continuing basis." *Melville v. Apfel,* 198

F.3d 45, 52 (2d Cir. 1999) (quoting SSR 96–8p, 1996 WL 374184, *2 (July 2, 1996)). When

making an RFC assessment, the ALJ should consider "a claimant's physical abilities, mental

abilities, symptomology, including pain and other limitations which could interfere with work

activities on a regular and continuing basis." *Pardee v. Astrue*, 631 F. Supp. 2d 200, 221

(N.D.N.Y. 2009) (citing 20 C.F.R. § 404.1545(a)). "To determine RFC, the ALJ must consider

all the relevant evidence, including medical opinions and facts, physical and mental abilities,

non-severe impairments, and [p]laintiff's subjective evidence of symptoms." *Stanton v. Astrue*,

2009 WL 1940539, *9 (N.D.N.Y. 2009) (citing 20 C.F.R. §§ 404.1545(b)-(e)), *aff'd*, 370

F. App'x 231 (2d Cir. 2010).

As an initial matter, I disagree with plaintiff's contention that the ALJ had "no

opinion" upon which to find that plaintiff could perform the standing and walking requirements

associated with light work.[3] (*See* Docket # 7-1 at 12-14). In contrast to the rather restrictive

opinions offered by plaintiff's treating physician, Stephen Lurie, MD, the consultative examiner,

Dr. Figueroa, opined that plaintiff would only have "moderate limitations to repetitive bending,

---

[3] "Light work" requires approximately six hours of standing and/or walking during an eight-hour workday.
*See* 20 C.F.R. § 416.967(b); *Mancuso v. Astrue*, 361 F. App'x 176, 178 (2d Cir. 2010) (summary order) ("[l]ight
work requires the ability to lift up to 20 pounds occasionally, lift 10 pounds frequently, stand and walk for up to 6
hours a day, and sit for up to two hours").

lifting, and carrying beyond 10 [pounds] [and] mild limitations to turning movements of the neck . . . [and] reaching." (Tr. 519). Dr. Figueroa's opinion was based upon an internal medicine examination conducted on July 22, 2016, at which time plaintiff's chief complaints were cervicalgia, lumbago, and hypertension. (Tr. 516). Plaintiff appeared in no acute distress, had normal gait and stance, could walk on his heels and toes without difficulty and squat fully, used no assistive devices, needed no help changing for the examination or getting on and off the examination table, and was able to rise from a chair without difficulty. (Tr. 517). Plaintiff's lumbar spine had limited range of motion and straight leg raises were positive at 60 degrees bilaterally, but not confirmed in the sitting position, yet he also exhibited full range of motion in his hips, knees, and ankles bilaterally, and his joints were stable and nontender. (Tr. 518). Moreover, although none of his extremities were able to sense pinprick sensation and there was a dull patch area in his right outer thigh, he otherwise exhibited no sensory deficits, and he had full strength in his upper and lower extremities. (*Id.*). The ALJ assigned Dr. Figueroa's opinion "some weight," finding, among other things, that it was "consistent with the conclusion that [plaintiff] would be able to perform light work with some non-exertional limitations." (Tr. 20).

Contrary to plaintiff's argument, the reasonable construction of Dr. Figueroa's opinion is that she did not find that plaintiff had any walking/standing limitations. As noted above, Dr. Figueroa recognized cervicalgia and lumbago among plaintiff's chief complaints, acknowledged plaintiff's own reports that walking and standing made certain activities of daily living difficult to perform, performed a full body physical examination of plaintiff, reviewed lumbar and cervical spine x-rays, and diagnosed plaintiff with, among other impairments, lumbago, cervicalgia, and lumbar and cervical radiculopathy. (*See generally* Tr. 516-21). Because her full body internal medicine examination of plaintiff was in no way incomplete or

limited in scope, the fact that Dr. Figueroa did not assess any limitations regarding plaintiff's ability to stand and/or walk is reasonably read to reflect her opinion that plaintiff had no such limitations.[4]  *See, e.g.*, *Fisher v. Colvin*, 2016 WL 8677160, *7 (N.D.N.Y.) ("contrary to [p]laintiff's supposition, [consultative examiner] was not silent on [p]laintiff's ability to sit, as he observed that she was in no acute distress and had no difficulty walking on heels and toes, and could rise from her chair without difficulty[;] [t]he fact that [consultative examiner] did not opine as to any limitations with regard to [p]laintiff's ability to sit for any length of time is not an indication of the incompleteness of the opinion, but rather that he, based upon his observations and examination, did not assess any such limitation"), *report and recommendation adopted by*, 2016 WL 1248900 (N.D.N.Y. 2016).

The issue in this case is that the ALJ did not find that plaintiff could perform the full range of light work, but rather that he could perform light work only with limitations that included "a sit/stand option that allows for changing position every [sixty] minutes for up to [five] minutes." (Tr. 18).  After reviewing the ALJ's decision and the record evidence, I am unable to conclude that the specific sit/stand option incorporated into the RFC is adequately supported by the record, and thus agree with plaintiff that remand is warranted on this basis. (*See* Docket # 7-1 at 15-17).

In reaching an RFC determination, "[a]n ALJ must conduct an analysis that permits adequate review on appeal, and the ALJ's conclusions must be supported by relevant medical evidence." *Tavion T. v. Comm'r of Soc. Sec.*, 2021 WL 1559243, *4 (W.D.N.Y. 2021);

---

[4] Dr. Figueroa's assessed limitations for bending, lifting, and carrying are consistent with light work. *See, e.g.*, *Michael V. v. Comm'r of Soc. Sec.*, 2019 WL 4276722, *5 n.3 (N.D.N.Y. 2019) ("[c]ourts have held that 'moderate' lifting or carrying limitations are consistent with RFC limitations to light work"); *Moore v. Comm'r of Soc. Sec.*, 2017 WL 1323460, *8 (N.D.N.Y. 2017) ("[consultative examiner] assessed [p]laintiff with moderate limitations for sitting, standing, walking, bending, climbing stairs, and lifting or carrying heavy objects[,] . . . which is consistent with light work").

*see also Sewar v. Berryhill*, 2018 WL 3569934, *2 (W.D.N.Y. 2018) (an ALJ is required to "explain the bases for his findings with sufficient specificity to permit meaningful review"). "Meaningful review is frustrated where the ALJ fails to provide sufficient analysis to permit th[e] [c]ourt to glean the rational[e] supporting his RFC determination." *Tavion T. v. Comm'r of Soc. Sec.*, 2021 WL 1559243 at *4. Stated differently, "[w]hen an ALJ does not connect the record evidence and RFC findings or otherwise explain how the record evidence supported his RFC findings, the decision leaves the court with many unanswered questions and does not afford an adequate basis for meaningful judicial review." *Heckman v. Comm'r of Soc. Sec.*, 2019 WL 1492868, *3 (W.D.N.Y. 2019) (quotations omitted). Moreover, "[a] very specific RFC assessment – such as the specific amount of time a claimant can spend on certain activities – must be based on evidence in the record, not on 'the ALJ's own surmise.'" *Id.* (quoting *Cosnyka v. Colvin*, 576 F. App'x 43, 46 (2d Cir. 2014) (summary order)). "So when the record provides no support for the specific amount of time that a claimant can sit or stand without relief, a specific finding toward that end is not supported by substantial evidence." *Id.*

Here, the only medical evidence addressing plaintiff's need for a sit/stand option is Dr. Lurie's October 9, 2017 opinion, in which he opined that plaintiff required a job that permitted "shifting positions *at will* from sitting, standing, or walking." (Tr. 635 (emphasis supplied)). Although the ALJ discussed certain portions of Dr. Lurie's opinion that she did not credit (*see* Tr. 22 ("the record does not support the restrictions Dr. Lurie described with regard to [plaintiff's] ability to use his hands, fingers, and arms or to stand")), she explicitly gave "weight to [other] aspects" of Dr. Lurie's opinion "based on his treating relationship with [plaintiff]." (Tr. 22). The ALJ's inclusion of a sit/stand option in the RFC suggests that she credited Dr. Lurie's opinion regarding plaintiff's need for a sit/stand limitation.

The particular sit/stand limitation in the ALJ's RFC, however, conflicts with Dr. Lurie's opined limitation. Although Dr. Lurie concluded that plaintiff required the opportunity to shift positions "at will" (Tr. 635), the RFC permits plaintiff to change positions only every hour for up to five minutes (*see* Tr. 18). It also appears to conflict with plaintiff's own testimony. (*See*, *e.g.*, Tr. 46-53, 195-200). Critically, the ALJ did not adequately explain why she assessed the specific and *less* restrictive sit/stand option that she did, despite affording "weight" to that aspect of Dr. Lurie's opinion, and it is not clear what evidence in the record, if any, supports the ALJ's determination. The absence of explanation for the specific sit/stand option assessed frustrates meaningful judicial review – that is, whether the highly specific RFC is supported by substantial evidence – and warrants remand.[5] *See*, *e.g.*, *Cosnyka v. Colvin*, 576 F. App'x at 46 ("[t]here is no evidence in the record to the effect that [plaintiff] would be able to perform sedentary work if he could take a six-minute break every hour, rather than some other duration and frequency amounting to ten percent of the workday[;] [i]ndeed, there is evidence to the contrary, as [plaintiff] testified that he would need a 15-20 minute break[;] [a]ccordingly, [the court] find[s] that there was no basis for the ALJ to incorporate this 'six minutes per hour' formulation into the RFC finding"); *Tomicki v. Berryhill*, 2018 WL 703118, *5 (W.D.N.Y.) ("[t]he [c]ourt agrees with [plaintiff], however, that the record does not support the ALJ's conclusion that she needs to briefly switch between sitting and standing only every thirty minutes[;] [t]he ALJ did not cite any evidence to support this highly-specific sit-stand opinion[,] . . . making it unclear to the [c]ourt how the ALJ arrived at this particular finding[;] [m]oreover, there is evidence in the record indicating that [plaintiff] needs to change positions every few

---

[5] On remand, the ALJ is not required to accept Dr. Lurie's opined sit/stand option, but she must provide an adequate explanation grounded in the record evidence supporting any sit/stand option included in the RFC determination.

minutes, not every thirty minutes as the ALJ concluded[;] . . . [a]ccordingly, the ALJ's RFC assessment that [plaintiff] needs to briefly switch between sitting and standing only every thirty minutes is not supported by substantial evidence"), *report and recommendation adopted by*, 2018 WL 692141 (W.D.N.Y. 2018); *Rice v. Colvin*, 2016 WL 7366977, *2 (W.D.N.Y. 2016) ("[t]he ALJ's decision, however, merely summarizes the medical record . . . and goes on to find that plaintiff could perform light work 'with the option to sit or stand hourly'[;] . . . [t]he ALJ's decision does not explain what evidence supports this particular sit/stand option, and the [c]ourt can find no support for such a specific restriction in the record[;] [t]he ALJ's decision thus once again fails to 'provide appropriate rationale with specific references to evidence of record in support of the assessed limitations'") (citations omitted).

## CONCLUSION

For the reasons stated above, the Commissioner's motion for judgment on the pleadings **(Docket # 10)** is **DENIED**, and plaintiff's motion for judgment on the pleadings **(Docket # 7)** is **GRANTED** to the extent that the Commissioner's decision is reversed, and this case is remanded to the Commissioner pursuant to 42 U.S.C. § 405(g), sentence four, for further administrative proceedings consistent with this decision.

**IT IS SO ORDERED.**


                                 *s/Marian W. Payson*
                                MARIAN W. PAYSON
                             United States Magistrate Judge


Dated: Rochester, New York
       July 15, 2021